## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

WASEEM DAKER,
GDC No. 901373,
     Plaintiff,

v.

WESAM DAKER, et al.,
     Defendants.

PRISONER CIVIL RIGHTS
42 U.S.C. § 1983

CIVIL ACTION NO.
1:19-cv-1636-SDG-JKL

## FINAL REPORT AND RECOMMENDATION

Plaintiff Waseem Daker, an inmate at Smith State Prison in Glennville, Georgia, has filed a *pro se* amended 42 U.S.C. § 1983 civil rights complaint. (Doc. 6.) Following remand from the Eleventh Circuit Court of Appeals, the matter has been referred to the undersigned for initial merits screening of the sole surviving § 1983 claim. For the reasons stated below, **IT IS RECOMMENDED** that Plaintiff's sole surviving claim be dismissed on preliminary review for failure to state a claim.

## I.    PROCEDURAL HISTORY

Plaintiff filed an amended complaint raising (1) state law tort claims against his brother for damaging and attempting to steal his real and personal property after Plaintiff was imprisoned; (2) a state law tort claim against a number of city officials

for not properly investigating his brother's actions; (3) a retaliation claim against the same city officials for refusing to pursue criminal charges against his brother after Plaintiff complained about their inadequate investigation; and (4) a federal constitutional claim under § 1983 alleging that all defendants denied Plaintiff access to the courts by conspiring to fabricate evidence against him.  (*See* Doc. 6 at 30-33); *Daker v. Daker, et al.*, No. 20-12298 at *2 (11th Cir. Oct. 19, 2021) (*per curiam*).

This Court screened the amended complaint and dismissed Plaintiff's state law tort claims and retaliation claim for failure to comply with Court Orders.  (*See* Doc. 15 at 6-8; Doc. 19 at 1.)  This Court also dismissed Plaintiff's § 1983 claim as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), finding that success on the merits of Plaintiff's claim would necessarily imply the invalidity of his state criminal convictions.  (*See* Doc. 15 at 6-8); *see also Heck*, 512 U.S. at 486-87 (holding that, in order to recover damages from an unlawful imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]").

2

Plaintiff appealed, and the Eleventh Circuit reversed this Court's dismissal of Plaintiff's § 1983 claim. *See Daker*, No. 20-12298 at *5-6. The Eleventh Circuit explained that, because Plaintiff's claim alleged fabrication of evidence related to his 2018 state postconviction proceedings, success on such a claim would not necessarily imply the invalidity of the underlying state criminal convictions, and the *Heck* bar was inapplicable. *Id.* at 6. The Eleventh Circuit affirmed the dismissal of Plaintiff's other claims. *Id.*

On remand, the matter is now before this Court for initial screening of Plaintiff's surviving § 1983 claim.

## II.    28 U.S.C. § 1915A SCREENING

The Court must screen a prisoner complaint against a governmental entity, officer, or employee to determine whether the action (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a), (b)(1)-(2). A claim is frivolous if it is "without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (quotation marks omitted). To state a claim for relief, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).

3

"A plaintiff . . . must plead facts sufficient to show that [his] claim has substantive plausibility" and to inform the defendant of "the factual basis" for the complaint. *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (*per curiam*). In order to satisfy the plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The Court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. *Gissendaner v. Comm'r, Ga. Dep't of Corr.*, 803 F.3d 565, 578 (11th Cir. 2015); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (discussing a court's authority to disregard frivolous factual allegations). Further, the Court holds *pro se* pleadings to a less stringent standard than pleadings drafted by lawyers. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." *Richardson*

*v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010) (quotation marks omitted).  If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claims, the complaint is subject to dismissal.  *See* 28 U.S.C. § 1915A (providing that a complaint, or any portion thereof, that does not pass the standard in § 1915A(b)(1)-(2) "shall" be dismissed on preliminary review).

In the surviving portion of the amended complaint, Plaintiff alleges that all Defendants—(1) his brother, Wesam Daker; (2) Gwinnett County Police Department ("GCPD") Chief A.A. "Butch" Ayers; (2) GCPD Major Steve K. Shaw; (3) GCPD Sergeant G. Lorenzo; GCPD Detective Jordan Cyphers; (4) Gwinnett County, Georgia; (5) Cobb County District Attorney ("DA") D. Victor Reynolds; and (6) Chief Assistant DA Jesse David Evans—denied him his right to access the courts by fabricating evidence to be used against him in his state postconviction and future proceedings.  (*Id.* at 30-31.)  Specifically, Plaintiff alleges that, on June 25, 2018, Detective Cyphers procured arrest warrants for Wesam Daker for identity fraud and theft by deception.  (*Id.* at 26.)  Plaintiff contends that, in response to the issuance of the warrants, Wesam Daker called two other individuals and informed them that he would retaliate against Plaintiff by fabricating testimony that could be used in Plaintiff's state postconviction

proceedings and in any subsequent retrial to ensure that Plaintiff "would never get out of prison." (*Id.*) Plaintiff alleges that Wesam Daker, the Cobb County District Attorney's Office, and Detective Cyphers then conspired to and did, in fact, have the warrants dismissed in exchange for Wesam Daker's fabricated testimony against Plaintiff. (*Id.* at 26-27.) When Plaintiff became aware that the warrants against Wesam Daker had been dismissed, Plaintiff wrote to Detective Cyphers and Sgt. Lorenzo. (*Id.* at 27-28.) Plaintiff recounts that Major Shaw wrote back to him but did not disclose that the warrants against Wesam Daker had been dismissed. (*Id.* at 28.) Plaintiff continued to exchange communications with Detective Cyphers and Detective Shaw, who informed Plaintiff that the GCPD and Cobb County District Attorney's Office considered the matter closed. (*Id.* at 29-30.)

Plaintiff labels his § 1983 claim as a violation of his First Amendment right to access the courts. (*See* Doc. 6. at 30-31.) However, an access-to-courts claim lies where the defendants impeded a plaintiff's ability to present claimed constitutional violations to the courts, causing an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that inmates must be afforded "a reasonably adequate opportunity *to present* claimed violations of fundamental constitutional rights to the courts") (emphasis added). Here, Plaintiff does not allege in any way

6

that the defendants impeded his ability to *file* or *present* claimed constitutional violations to the courts, and, consequently, access-to-courts is not the proper construction of his claim.  (*See generally* doc. 6.)

Rather, Plaintiff's allegations implicate his Fourteenth Amendment due process right "not to be deprived of liberty as a result of fabrication of evidence by a government officer."  *See Zahrey v. Coffey*, 221 F.3d 342, 349 (2d Cir. 2000); *see also Castro v. United States*, 540 U.S. 375, 381-82 (2003) (explaining that federal courts may recharacterize *pro se* pleadings to "create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis").  Such a claim is analogous to a claim for malicious prosecution.  *See Bradford v. Scherschligt*, 803 F.3d 382, 387-88 (9th Cir. 2015) (explaining that a fabricated evidence claim is "similar to the tort of malicious prosecution, which involves the right to be free from the use of legal process that is motivated by malice and unsupported by probable cause").  Critically, like a malicious prosecution claim, a fabricated evidence claim does not arise until the relevant proceeding terminates in a manner that is favorable to the plaintiff.  *See Bradford*, 803 F.3d at 388-89; *see also, e.g., McDonough v. Smith*, 139 S.Ct. 2149, 2156-57 (2019) (holding that a plaintiff could not bring a fabricated evidence claim prior to favorable termination

7

of his criminal proceedings); *Floyd v. Att'y Gen of Penn.*, 722 F. App'x 112, 114 (3d. Cir. 2018) (noting that a fabricated evidence claim does not accrue until the proceeding terminates in the plaintiff's favor).

Here, Plaintiff has not alleged that his state postconviction proceedings or any proceeding in which the allegedly fabricated evidence was presented terminated in his favor. As a result, he fails to state a constitutional claim related to the presentation of fabricated evidence by state officials. *See McDonough*, 139 S.Ct. at 2156-57; *Bradford*, 803 F.3d at 388-89; *Floyd*, 722 F. App'x at 114. Accordingly, **IT IS RECOMMENDED** that Plaintiff's sole surviving claim be dismissed under § 1915A for failure to state a claim.

## III.   CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** (1) that Plaintiff's sole surviving 42 U.S.C. § 1983 claim be dismissed under 28 U.S.C. § 1915A for failure to state a claim, and (2) the case be closed.

The Clerk of Court is **DIRECTED** to terminate the referral to the undersigned United States Magistrate Judge.

8

**IT IS SO RECOMMENDED**, this 8th day of August, 2022.

JOHN K. LARKINS III
United States Magistrate Judge