IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WASEEM DAKER,
    Plaintiff,

                v.

WESAM DAKER, *et al.*,
    Defendants.

Civil Action No.
1:19-cv-01636-SDG

## <u>OPINION AND ORDER</u>

This matter is before the Court on the Final Report and Recommendation (the 2022 R&R) entered by United States Magistrate Judge John K. Larkins, III [ECF 52], recommending that Plaintiff Waseem Daker's remaining claim be dismissed. Daker objects,[1] and seeks to have vacated every order entered in this case by the previously assigned magistrate and district judges.[2] Daker's motion to vacate is **DENIED**. Further, the Court **OVERRULES** Daker's objections, **ADOPTS** the R&R as the Order of this Court, and **DIRECTS** the Clerk to **CLOSE** this case.

## I.    Background

Daker initiated this action, raising five distinct state law and constitutional claims against a variety of defendants. The original magistrate judge reviewed the

---

[1]    ECF 58.

[2]    ECF 57.

initial complaint, concluded that Daker had violated Fed. R. Civ. P. 20(a) by improperly misjoining claims and parties, and ordered him to file an amended complaint that raised just one of the five claims.[3] The magistrate judge informed Daker that he was free to raise his other claims in separate actions, and if he failed to properly amend the complaint in this case, the Court would allow just one of his claims to remain in this action and the remaining claims would be dismissed without prejudice.[4] Daker objected to the magistrate judge's order, which objections were overruled by the then-presiding district judge.[5]

In response, Daker filed an amended complaint that raised the same claims as his original pleading, but in a different order.[6] The magistrate judge therefore recommended that all claims except for Count 1 in the amended complaint be dismissed without prejudice because of Daker's willful failure to obey the order to amend his complaint (the 2019 R&R).[7] The magistrate judge maintained Count 1 as the claim to proceed because Daker had noted his preference for that claim in a

---

[3]  ECF 2, at 4–5.

[4]  *Id.* at 5.

[5]  ECF 3; ECF 4; ECF 5.

[6]  ECF 6.

[7]  ECF 10.

motion for reconsideration of the order directing him to amend his pleading.[8]
Daker objected.[9] The district judge adopted the 2019 R&R over those objections,
and dismissed Counts 2–5 of the amended complaint.[10]

Thereafter, the magistrate judge reviewed pursuant to 28 U.S.C. § 1915A the
sole claim left in the amended complaint, determined that it was barred by *Heck v.
Humphrey*, 512 U.S. 477, 486–87 (1994), and recommended dismissal (the 2020
R&R).[11] Daker again objected.[12] The district judge nonetheless adopted the 2020
R&R and dismissed the case.[13]

Daker appealed.[14] The Eleventh Circuit eventually affirmed in part,
reversed in part, and remanded.[15] The appellate court affirmed the dismissal of
Counts 2 through 5 in the amended complaint:

> The district court did not abuse its discretion in
> dismissing Daker's other claims. In recommending
> dismissal of those claims, the magistrate judge observed

---

[8]   *Id.* at 5 n.2 (citing ECF 7, at 7).

[9]   ECF 12.

[10]  ECF 14.

[11]  ECF 15.

[12]  ECF 17.

[13]  ECF 19.

[14]  ECF 22.

[15]  ECF 40.

that Daker had impermissibly "raised claims based on different actions by different persons and which involve different facts and questions of law." The magistrate judge explained that defendants may be joined in a single action only when the claims asserted against them arise "out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). The magistrate judge counseled Daker which claims he could assert in a single complaint and which claims he should assert in separate actions, and she advised Daker that failure to separate his claims may risk their dismissal. In its order adopting the magistrate judge's recommendation, the district court ordered that Daker "MUST FILE" a pleading that complied with the magistrate judge's directions.

Generally, "[a] district court has inherent authority to manage its own docket" to "achieve the orderly and expeditious disposition of cases." *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quotation marks omitted). This authority permits the court to dismiss a claim if the plaintiff fails to comply with a reasonable court order. *Id.* In the circumstances of this case, the district court did not abuse its discretion, considering (1) Daker's "abusive filer" status in the Northern District of Georgia; (2) the fact that he was given the opportunity to pursue all his claims in separate complaints; and (3) the magistrate judge's explicit forewarning that some of his claims would be dismissed if he failed to separate them. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."); *Daker v. Bryson*, 841 F. App'x 115, 123 (11th Cir. 2020) (per curiam) (noting that dismissals for failure to follow court orders have been upheld even when the plaintiff was not given explicit forewarning of

dismissal). Moreover, the magistrate judge advised Daker exactly which claims could proceed together and which ones should be filed separately. Given the clear warning and instructions, the district court did not abuse its discretion by dismissing Daker's other claims for failure to comply with its order requiring that they be filed separately.[16]

That court declined to "address the merits of Daker's Rule 18 and Rule 20 arguments regarding joinder because the district court acted within its discretion by dismissing Daker's claims for failure to obey its order."[17] However, the appellate court reversed the dismissal of Count 1 after concluding that *Heck* did not apply in the context of Daker's claims.[18]

Shortly before remand, Daker filed motions to recuse the then-assigned district judge and magistrate judge.[19] After remand, both judges recused.[20] In so doing, however, the district judge made clear that Daker had not "shown sufficient bias or prejudice to demonstrate that recusal is appropriate."[21] Rather, the district

---

[16]   *Id.* at 6–8.

[17]   *Id.* at 8 n.2.

[18]   *Id.* at 8.

[19]   ECF 44; ECF 45.

[20]   ECF 49; ECF 50.

[21]   ECF 49, at 2.

judge recused "to avoid any question of impartiality.[22] The magistrate judge also adopted that reasoning in recusing.[23] Responsibility for presiding over this action, as well as Daker's cases generally, was transferred to undersigned and Judge Larkins.[24] This Court referred the matter to Judge Larkins for a recommendation in light of the Eleventh Circuit's order remanding the action.[25] Judge Larkins issued the 2022 R&R, recommending that Daker's remaining claim be dismissed for failure to state a claim.[26] Daker objected,[27] and filed his motion to vacate.[28]

## II.    Standard of Review

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). Absent objection, the district court "may accept, reject, or

---

[22]  *Id.*

[23]  ECF 50, at 2–3.

[24]  Mar. 30 and Mar. 31, 2022 D.E.

[25]  ECF 51.

[26]  ECF 52.

[27]  ECF 58.

[28]  ECF 57. So sweeping is Daker's motion to vacate it seemingly includes the recusal orders entered by the district and magistrate judges.

modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no clear error on the face of the record. Fed. R. Civ. P. 72(b). "Frivolous, conclusive, or general objections need not be considered by the district court." *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

## III.   Discussion

### A.   The Remaining Claim (Count 1)

#### 1.   Factual Allegations

Daker named the following individuals as Defendants in Count 1. Wesam Daker (Wesam) is Daker's brother.[29] Jordan Cyphers is a detective with the Gwinnett County Police Department's (GCPD) Criminal Investigations Division (CID).[30] AA "Butch" Ayers is Chief of the GCPD, and alleged to be the "final decisionmaker and policymaker" for Gwinnett County for purposes of Daker's claim.[31] Sergeant G. Lorenzo is a supervisor with the GCPD's Office of Professional Standards.[32] Major Steve K. Shaw is the Commander of the CID.[33] Cyphers, Ayers,

---

[29]   *Id.* at 40.

[30]   *Id.* at 3.

[31]   *Id.* at 4.

[32]   *Id.* at 3.

[33]   *Id.*

Lorenzo, and Shaw are sued in their individual and official capacities.[34] Victor Reynolds and Jesse David Evans are, respectively, the District Attorney and Chief Assistant District Attorney for the Cobb Judicial Circuit.[35] Reynolds and Evans are sued in their individual and official capacities.[36] Finally, Gwinnett County is sued as the "employer and creator" of the GCPD.[37] Daker seeks damages, as well as declaratory, prospective, equitable, and injunctive relief.[38]

Daker contends that Defendants conspired and agreed to fabricate evidence against Daker in connection with his criminal case in Cobb County. Specifically, Daker alleges that, while he was incarcerated, Wesam converted Daker's personal and real property.[39] Daker complained to police, and Cyphers eventually obtained arrest warrants for Wesam.[40] Defendants then allegedly conspired to have the warrants against Wesam dismissed in exchange for Wesam providing false testimony about Daker "in the Cobb County case to hurt [Daker]'s chances of

---

[34] *Id.* at 3–4.

[35] *Id.*

[36] *Id.* at 4–5.

[37] *Id.* at 4.

[38] *Id.*

[39] ECF 6, at 6–15.

[40] *Id.* at 26.

habeas corpus relief or for use at any new trial if [Daker] wins a new trial."[41] Daker further asserts that Cyphers agreed to participate in this conspiracy in part as retaliation for Daker having previously filed a complaint against him.[42]

Daker asserts a 42 U.S.C. § 1983 civil rights claim against Defendants for allegedly conspiring to fabricate evidence in Daker's Cobb County criminal case, thereby violating his First Amendment right of access to the courts.[43]

### 2.    The 2022 R&R

The 2022 R&R concluded that Daker cannot establish a First Amendment access-to-the-courts claim based on Defendants' alleged agreement to fabricate testimony, reasoning that an access-to-the-courts claim requires the plaintiff to show that a defendant's actions impeded the plaintiff's ability to present to the courts a claimed constitutional injury and caused actual injury.[44] The amended complaint does not suggest that Defendants prevented Daker from filing or presenting a claim in court.[45] Rather, the magistrate judge determined—rightly in this Court's view—that Daker's allegations "implicate his Fourteenth Amendment

---

[41]   *Id.* at 26–27.

[42]   *Id.* at 27.

[43]   *Id.* at 30. *See generally id.* at 30–31.

[44]   ECF 52, at 6 (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)).

[45]   *Id.* at 6–7.

due process right 'not to be deprived of liberty as a result of fabrication of evidence by a government officer.'"[46] The 2022 R&R further noted that Daker cannot prevail in a fabrication-of-evidence claim unless he demonstrates that the relevant proceeding terminated in his favor and concluded that, absent an allegation to that effect, Daker fails to state a cognizable claim for relief.[47]

### B.    Daker's Objections

#### 1.    Access to the Courts

In challenging the R&R, Daker contends that the magistrate judge erred in concluding that Count 1 did not state a First Amendment claim. According to Daker, the Supreme Court has held that the actual injury requirement for an access-to-the-courts claim "includes injury which is 'imminent.'"[48] Daker argues that his claim is properly characterized as an access-to-the-courts claim alleging imminent injury based on the fabrication of evidence.[49] He asserts that fabrication-of-evidence claims are not limited to claims regarding the deprivation of liberty.

---

[46]   *Id.* (quoting *Zahrey v. Coffey*, 221 F.3d 342, 349 (2d Cir. 2000)).

[47]   *Id.*

[48]   ECF 58, at 42 (citing *Lewis*, 518 U.S. at 349).

[49]   *Id.* at 43.

An access-to-the-courts claim under Section 1983 arises when state actors take action that hinders a plaintiff's ability to bring a non-frivolous legal claim, such as when a jailer refuses to mail a complaint to the court or a prison's law library is so inadequate that the prisoner is unable to file a complaint. *Lewis*, 518 U.S. at 351. Here, none of Daker's allegations indicate that he was or was about to be denied access to the courts or that he was somehow stymied in his efforts to articulate his claim.

In *Chappell v. Rich*, 340 F.3d 1279 (11th Cir. 2003), the Eleventh Circuit considered the claim of the children of a woman who was murdered in a racially motivated, drive-by shooting in 1964. Police hid evidence implicating the alleged perpetrators. After belatedly learning about that misconduct, the children sued the police for denying their access to the courts, alleging that the police had engaged in a conspiracy to withhold evidence that they could have used in a wrongful death suit. *Id.* at 1281. The Eleventh Circuit concluded that the children had failed to state an access-to-the-courts claim because the defendants' actions had not prevented them from bringing suit:

> Although access to the concealed evidence might have strengthened their case, the Chappell children do not allege that they were or would have been prevented from filing a wrongful death suit within the statute of limitations period, nor that the Defendants' actions

> would have made such a suit inadequate, ineffective, or
> not meaningful.

*Id.* at 1283–84.

Similarly, Daker has been able to bring habeas corpus actions in both state and federal court. Defendants' alleged actions did not prevent him from articulating his claims. Accordingly, the Court agrees that Daker has not stated an access-to-the-courts claim.

### 2.    Due Process

But even construing Daker's claim as one for a violation of due process under the Fourteenth Amendment, he has still failed to state a claim. The amended complaint alleges that Wesam agreed to give false testimony—not that he had already done so. Daker has not alleged that any Defendant actually provided false testimony, or presented fabricated or false evidence. It is not at all clear that Wesam ever testified about Daker in Daker's post-conviction proceedings, that improper evidence was presented in such proceedings, or that Daker succeeded in such proceedings despite such false evidence.[50] As a result, the amended

---

[50] In Daker's state court habeas corpus proceeding, the Georgia Supreme Court granted Daker leave to file an out-of-time direct appeal in his criminal action. *Allen v. Daker*, 311 Ga. 485 (2021). Thus, technically, Daker can claim that he had a favorable termination in the state court action (albeit after he filed his complaint in this case). However, the Georgia court granted relief based on the criminal trial court's refusal to appoint Daker counsel for his direct appeal

complaint does not demonstrate that Daker suffered any injury because of Defendants' alleged conspiracy. A claim based on fabricated evidence does not accrue until the criminal proceeding terminates in the plaintiff's favor. *McDonough v. Smith*, 139 S. Ct. 2149, 2156–57 (2019); *Floyd v. Att'y Gen of Penn.*, 722 F. App'x 112, 114 (3d. Cir. 2018).

Daker repeatedly asserts that he is entitled to seek relief for *imminent* harm, but his pleading does not allege facts demonstrating that he faced any. There are no contentions that Daker suffered actual harm from the alleged false evidence. Based on the allegations in the amended complaint, the only relief Daker could seek is speculative: a prospective injunction such as an order forbidding Defendants from presenting false testimony in Daker's future post-conviction actions. In order to obtain such relief, however, Daker had to demonstrate a "threatened injury" that was "certainly impending." *Clapper v. Amnesty Intern. USA*, 568 U.S. 398, 409 (2013) (cleaned up). In other words, Daker would have to show that he faced "a material risk" of future, irreparable harm. *Muransky v.*

---

on the basis that he was not indigent. *Id.* at 495–96. This Court interprets the favorable termination rule to require at least some relationship between the favorable termination and the alleged false testimony. *See McDonough*, 139 S. Ct. at 2155; *Napue v. Illinois*, 360 U.S. 264, 269 (1959). Here Daker cannot demonstrate that any testimony Wesam might have provided could have borne any nexus to Daker's entitlement to counsel in his direct criminal appeal.

*Godiva Chocolatier, Inc.*, 979 F.3d 917, 928 (11th Cir. 2020) (en banc); *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1133 (11th Cir. 2005). "Allegations of *possible* future injury are not sufficient." *Clapper*, 568 U.S. at 409 (emphasis added) (citations omitted).

Daker has not alleged facts that plausibly suggest Wesam could actually cause Daker injury by giving false testimony in a post-conviction proceeding. Daker does not, for example, assert that Wesam testified at Daker's criminal trial or that Wesam knows anything material that would be relevant in a post-conviction hearing. Nor does the amended complaint contain any allegations about the nature of the false testimony or fabricated evidence, or how such evidence would threaten to cause Daker the type of "real and immediate . . . future harm" that would entitle him to prospective relief. *Elend v. Basham*, 471 F.3d 1199, 1207 (11th Cir. 2006). In short, Daker's allegations of future harm are speculative. He has thus failed to state a claim for prospective relief.

The basis for Daker's claim that Wesam will fabricate evidence is an alleged threat Wesam made to two of Daker's friends that he (Wesam) would do so to prevent Daker from ever being released from prison.[51] As alleged, that threat does

---

[51]   ECF 6, at 26.

not rise to the level of a "certainly impending" injury—something Daker must establish to obtain an injunction. *Clapper*, 568 U.S. at 409. Because the amended complaint does not allege an actual or immediately impending injury, Daker has failed to state a due process claim based on fabricated evidence.

### C.    Daker's Request for Reconsideration

Daker uses the bulk of his objections to argue that the Court erred in its January 28, 2020 Order dismissing Counts 2 through 5 of the amended complaint.[52] The 2022 R&R, however, had nothing to do with those Counts. Daker's objections concerning them are therefore improper. To the extent Daker seeks reconsideration of the dismissal Order, the Court construes the objections as a motion for reconsideration. But even so considered, the motion fails. Daker has already appealed the dismissal of Counts 2 through 5, and lost. This Court is bound by the Eleventh Circuit's decision upholding the dismissal.

"The mandate rule is a specific application of the 'law of the case' doctrine which provides that subsequent courts are bound by any findings of fact or conclusions of law made by the court of appeals in a prior appeal of the same case." *Friedman v. Mkt. St. Mortg. Corp.*, 520 F.3d 1289, 1294 (11th Cir. 2008) (cleaned up).

---

[52]   ECF 58, at 1–41.

"The law of the case doctrine and the mandate rule ban courts from revisiting matters decided expressly or by necessary implication in an earlier appeal of the same case." *AIG Baker Sterling Heights, LLC v. Am. Multi-Cinema, Inc.*, 579 F.3d 1268, 1270–71 (11th Cir. 2009) (citing *Barber v. Int'l Bhd. of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers, & Helpers, Dist. Lodge No. 57*, 841 F.2d 1067, 1070–73 (11th Cir. 1988)). The Eleventh Circuit's reasoning in affirming the dismissal (because of Daker's failure to obey the Court's order) differs from Daker's current arguments (that all his claims were properly brought in the same action under the Federal Rules). But this Court is nonetheless bound by the appellate court's mandate that the claims were properly dismissed.

Moreover, even if this Court were at liberty to conclude that Daker could, consistent with Fed. R. Civ. P. 18(a), have brought all of these claims in one action, the Court would still decline to reinstate Counts 2 through 5. Rule 18 allows a party to join "as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Since Daker has run afoul of the 28 U.S.C. § 1915(g) "three strikes" provision and can no longer proceed *in forma pauperis*, he was required to pay the filing fee to initiate this action. As a result, Daker attempted to raise as many claims as possible in this case and construed Count 1 to include all of the defendants named in

Counts 2 through 5 so that he could join all of those claims in one action and pay only one filing fee.

While joinder of claims and parties is generally encouraged, *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 839 (11th Cir. 2017), district courts have broad discretion to permit or deny joinder as they deem appropriate, *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002). "In making a joinder decision, the district court is guided by the underlying purpose of joinder, which is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits." *Id.* at 1253 (quotation and citation omitted). Thus, "even if the technical requirements for joinder are met, the Court has discretion to deny joinder if it determines that the addition of a party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense[,] or delay." *Malibu Media, LLC v. Doe*, 923 F. Supp. 2d 1339, 1342 (M.D. Fla. 2013) (quotation omitted); *see Henderson v. FedEx Exp.*, No. 5:09-CV-85 (CAR), 2009 WL 1951059, at *6 (M.D. Ga. July 6, 2009) (noting that judicial discretion "allows a court to consider, in addition to Rule 20's requirements, other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness") (quotation and citation omitted). Here, where Daker raised a speculative claim against seemingly disparate parties in an effort

to join as many diverse claims as possible and avoid filing fees, denial of joinder would be proper.

Moreover, as Daker is already well aware, where a prisoner attempts to skirt the requirements of the Prison Litigation Reform Act and Section 1915(g) by combining multiple claims and defendants in one case, denying joinder of parties and claims is likewise proper. *See, e.g., Daker v. Bryson*, No. 5:15-CV-88-TES-CHW, 2018 WL 9598914, at *7 (M.D. Ga. July 19, 2018) (denying joinder when Daker's "attempt to join all of his unrelated claims into one lawsuit in which he was not subject to the three-strikes bar was an effort to avoid the effects of that bar"); *see id.* at *12 (noting that despite the language of the rules, Daker does not have "an absolute right to joinder or supplementation"). As the Eleventh Circuit held in response to Daker's appeal of the dismissal of Counts 2 through 5,

> the district court did not abuse its discretion, considering (1) Daker's "abusive filer" status in the Northern District of Georgia; (2) the fact that he was given the opportunity to pursue all his claims in separate complaints; and (3) the magistrate judge's explicit forewarning that some of his claims would be dismissed if he failed to separate them.[53]

---

[53]   ECF 40, at 7.

The refusal to permit Daker to join all of these claims was proper—as the Court of Appeals has already concluded. Dismissal of Counts 2 through 5 was the result of Daker's own failure to obey the Court's Order.

### D.    Daker's Motion to Vacate All Orders

In his motion to vacate,[54] Daker contends that, because the previously assigned district judge and magistrate judge recused from presiding over his cases, he is entitled to have all of their orders vacated on the theory that those judges should have recused before issuing the orders. Daker also repeats his prolix arguments that all of his claims were properly joined in this case and that the Court erred in dismissing Counts 2 through 5. Alternatively, Daker seeks leave to amend.

As discussed above, Daker has never established, and no court has found, sufficient bias or prejudice to require recusal by either the prior district judge or the prior magistrate judge. Moreover, the Eleventh Circuit affirmed the orders requiring Daker to amend his complaint and dismissing Counts 2 through 5. He cannot show any basis for vacating any—let alone *every*—order entered by the judges who have now recused.

---

[54]   ECF 35.

Daker's motion is mostly silent regarding his desire to amend.[55] In the proposed amended complaint,[56] he seeks to replace his current Count 1 with Counts 4 and 5,[57] the dismissal of which the Eleventh Circuit has already affirmed. Under Rule 15(a), because Daker has already filed an amended complaint, he may file another amended complaint only with "the court's leave," and the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

As discussed above, Daker already had the opportunity to pursue his claims other than Count 1,[58] and he could have raised the dismissed Counts 2 through 5 in new lawsuits. He instead chose to proceed only with Count 1,[59] and did not file new cases as he had the opportunity to do. He is not entitled to raise the dismissed claims now and must live with his choices. This is yet another attempt by Daker to avoid the sanction imposed as a result of his violation of the Court's Orders and the consequences of his status as a "three-striker." Daker will not be permitted to

---

[55] ECF 57, at 31 (arguing that amendments are sometimes permitted after dismissal of a case and stating, "[t]hus, this Court should . . . grant leave to amend").

[56] ECF 57-1.

[57] *Compare* ECF 6, at 32–33 *with* ECF 57-1, at 17–28 (both raising a state law claim of violation of a public duty and a First Amendment retaliation claim).

[58] ECF 2, at 5.

[59] ECF 7, at 7.

use this one case to file multiple complaints raising wholly unrelated claims having paid only one filing fee. Daker is not entitled to amend his complaint.

## IV.   Conclusion

The Court agrees that Daker's remaining claim must be dismissed. Accordingly, the R&R [ECF 52] (as supplemented by the discussion above) is **ADOPTED** as the order of this Court. Daker's amended complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A for failure to state a claim. Daker's motion to vacate or amend [ECF 57] is **DENIED**.

Finally, Daker's motion to file excess pages [contained in ECF 58] is **GRANTED**. But Daker is cautioned that future requests to exceed the page limits in any of his cases in this Court must be filed (1) as separate motions and (2) in advance of the relevant deadline. Objections to reports and recommendations from magistrate judges are limited to 25 pages. Overlong filings submitted without prior leave to exceed the page limit will be stricken from the docket without further notice.

The Clerk is **DIRECTED** to update Daker's address to reflect that he is now incarcerated at Hays State Prison, P.O. Box 668, 777 Underwood Drive, Trion, GA 30753. The Clerk is further **DIRECTED** to close this case.

**SO ORDERED** this 28th day of August, 2023.

Steven D. Grimberg
United States District Court Judge